UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA FITZPATRICK, on behalf of herself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>Defendant. | No.  2:22-cv-00312-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiff Tanya Fitzpatrick ("Plaintiff"), on behalf of herself and all those similarly situated, seeks to recover from Defendant Capital One Bank (USA), N.A., ("Defendant" or "Capital One") for purportedly failing to provide consumer credit card holders adequate relief during the COVID pandemic.  Second Am. Compl., ECF No. 24 ("SAC").  Presently before the Court is Defendant's Motion to Dismiss the SAC in its entirety.  ECF No. 25.  For the reasons that follow, that Motion is GRANTED with leave to amend.[1]

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

1

# BACKGROUND[2]

At all relevant times, Plaintiff maintained a consumer credit card through Defendant.  Use of this card was governed by a Credit Card Agreement ("Agreement") that provided, among other things: "Late Payment Fee:  We may charge you this Fee if we do not receive your payment as instructed on your Statement by the payment due date."  SAC, ECF No. 24-1, Ex. A, at 3 (italics omitted).  In addition, the Agreement states that failure to make a payment when it is due may result in Defendant taking any number of actions, such as "continu[ing] to charge . . . Interest Charges and Fees as long as [the] balance remains outstanding."  Id. at 4 (italics omitted).  Finally, the Agreement advises that:  "We will charge Interest Charges and Fees to your Account as disclosed on your Statement and other Truth-in-Lending Disclosures" and "[f]rom time to time, we may give you offers that allow you to pay less than the total balance and avoid Interest Charges on new purchase . . . transactions."  Id. at 3 (italics in original).

During the pendency of the COVID pandemic, however, federal regulators and state officials encouraged banks to provide relief to borrowers.  For its part, Defendant published a letter from its Chief Executive Officer to its website, wherein he stated:

> We have a range of policies and programs to accommodate customer hardships.  For customers who let us know they are being impacted, we are here to support and work with them.  We are offering assistance to consumers and small business owners, including waiving fees or deferring payments on credit cards or auto loans.  Our frontline associates are well-trained and well-prepared to serve customers in times of financial stress or hardship . . . .

SAC, ECF No. 24, ¶ 28 (emphasis omitted).  Relief could purportedly include "fee suppression, minimum payment assistance and deferred loan payments."  Id. ¶ 29.  According to a spokesperson for Defendant, "Capital One encourages customers who may be impacted by the coronavirus to contact customer service for a solution."  Id.  Defendant also purportedly "advertised to customers that it would allow its customers to

---

[2] The following recitation of facts is taken, for the most part verbatim, from the SAC.

2

skip card payments without incurring interest charges." Id. ¶ 30. Furthermore, Defendant told the media that "all customers will be eligible for assistance, which will vary on the type of product they have and their individual needs," and that it was "here to help." Id. ¶¶ 31–32. Defendant apparently reiterated its willingness to help and encouraged borrowers to reach out for assistance on numerous occasions.

Despite the foregoing, Plaintiff contends that Defendant failed to provide sufficient assistance to credit card holders. Plaintiff, who worked in retail, was a longtime customer of Defendant and, prior to the COVID pandemic, she incurred only one or two late fees. When the pandemic hit, her work was reduced, making it difficult for her to keep up with her bills. On several occasions, she had to use her credit cards, including her Capital One card, to obtain cash advances or to pay for necessities. In May 2020, June 2020, and May 2021, she paid the minimum payment after the due date, and, in each of these months, Capital One assessed a $25 late fee and then charged interest on the balance that included that fee.

Each time Plaintiff missed a payment, she logged onto the Capital One app on her phone to determine how she could seek assistance. The app directed her to additional statements advising customers to reach out for help. Plaintiff also called Defendant's customer service phone number after each missed payment to seek a waiver. She spoke to three different representatives, each of whom denied her requests to waive the late fees and told her there was nothing further they could do. Plaintiff thus deduced that Defendant had not actually set up any pandemic-specific relief policies beyond its standard fee exemption program. She thereafter initiated this action seeking recovery by way of claims for: (1) Breach of the Covenant of Good Faith and Fair Dealing; (2) Unjust Enrichment; and (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq. Defendant seeks dismissal of each of these causes of action.

///

///

3

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[3] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

4

claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.   Breach of the Implied Covenant of Good Faith and Fair Dealing

The Agreement explicitly permits Defendant to charge the fees challenged in this case. Accordingly, Plaintiff contends instead that: (1) Defendant had the discretion not to impose late fees; (2) "it failed to exercise this discretion fairly, honestly, and to the benefit of its customers"; and (3) it thus breached the implied covenant of good faith and fair dealing. SAC, ECF No. 24, ¶¶ 66–67. Defendant moves to dismiss this cause of

action on the basis that the covenant cannot be relied upon to imply terms that contradict the express written terms of an agreement. Def.'s Mot., ECF No. 25, at 8. The Court agrees.

"An implied duty of good faith cannot be used to override or modify explicit contractual terms." Riggs Nat'l Bank of Washington, D.C. v. Linch, 36 F.3d 370, 373 (4th Cir. 1994).[4] Rather, under Virginia law, "when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights." Ward's Equip., Inc. v. New Holland N. Am., Inc., 493 S.E.2d 516, 520 (Va. 1997). That is because "such a covenant cannot be the vehicle for rewriting an unambiguous contract in order to create duties that do not otherwise exist." Id.; see also Skillstorm, Inc. v. Elec. Data Sys., LLC, 666 F. Supp. 2d 610, 620 (E.D. Va. 2009) (observing that "no implied duty arises with respect to activity governed by express contractual terms").

As pled, Plaintiff failed to make timely payments, and under the express terms of the Agreement, Defendant was entitled to and did charge Plaintiff late fees. Nothing in Plaintiff's allegations indicates that there was some sort of implied duty on Defendant's part to waive those fees in direct contravention of the written Agreement. It is of no consequence that the Agreement states at times that Defendant "may" as opposed to "will" charge such fees. That language does not make exercise of the right to charge fees discretionary such that resort to the implied covenant might be appropriate. More specifically, use of the word "may" does not mean that the imposition of fees turns on some sort of discretionary factors. Instead, the fees provision is triggered only by Plaintiff's non-payment or late payment. The fact that Defendant retains the power not to impose a fee goes to Defendant's own contractual rights not its discretion. See Land and Marine Remediation, Inc. v. BASF Corp., No. 2:11cv239, 2012 WL 2415552, at *13

---

[4] The Court concludes based on its review of the Agreement that Virginia law governs the parties' dispute. SAC, ECF No. 24-1, Ex. A, at 5 ("We make decisions to grant credit and issue you a Card from our offices in Virginia. This Agreement is governed by applicable federal law and by Virginia law. If any part of this Agreement is unenforceable, the remaining parts will remain in effect.").

(E.D. Va. June 26, 2012) (noting that "if exercising an express contractual right to demand payment or an express contractual right to issue a notice of default were permitted to be recast as a 'discretionary' decision merely because the non-breaching party could opt <u>not</u> to exercise such express right, <u>every</u> contractual right would be subject to being recast as 'discretionary.'") (emphasis in original).  Accordingly, this cause of action is DISMISSED.[5]

### B. Unfair Competition Law

Plaintiff's UCL claim fails because she has not identified any promise or misleading statements by Defendant that would lead a reasonable consumer to believe he or she had a right to a waiver or refund of fees.[6]  None of the statements set forth in Plaintiff's SAC constitute concrete promises for relief or would mislead a reasonable consumer into believing relief was guaranteed.  Nor can Plaintiff rely on third-party statements in media reports to establish some sort of misrepresentation on Defendant's part.  Given the lack of identification of some sort of deceptive statement by Defendant, Plaintiff's UCL claim is also DISMISSED.

### C. Unjust Enrichment

As indicated above, the Agreement expressly governs the imposition of the fees in this case.  Under both Virginia and California law, "unjust enrichment . . . does not lie when an enforceable, binding agreement exists defining the rights of the parties." Paracor Fin., Inc. v. Gen. Elec. Cap. Corp., 96 F.3d 1151, 1167 (9th Cir. 1996) (California law); see Acorn Structures, Inc. v. Swantz, 846 F.2d 923, 926 (4th Cir. 1988) (Virginia law) ("An action for unjust enrichment . . . may not be brought in the face of an

---

[5] Plaintiff's claim would fare no better under California law.  See Ramirez v. Bank of Am., N.A., ___ F. Supp. 3d ___, 2022 WL 2313151, at *5 (N.D. Cal. June 15, 2022) (rejecting implied covenant of good faith and fair dealing challenge to contractually permitted bank fees charged during COVID pandemic).

[6] Rule 9(b) applies to this cause of action, which sounds in fraud.  See Fed. R. Civ P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").  Further discussion of this standard is not required, however, because Plaintiff's SAC is insufficient under any standard of review.

express contract."). Since the Agreement expressly governs the imposition of fees in this case, Plaintiff's Unjust Enrichment cause of action is a non-starter and is DISMISSED as well.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 25, is GRANTED with leave to amend. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint. If no amended complaint is timely filed, this action will be dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated:  October 28, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE