UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA FITZPATRICK, on behalf of herself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>Defendant. | No. 2:22-cv-00312-MCE-DB<br><br>**ORDER** |

    Through the present action, Plaintiff Tanya Fitzpatrick ("Plaintiff"), on behalf of herself and all those similarly situated, seeks to recover from Defendant Capital One Bank (USA), N.A., ("Defendant") for purportedly failing to provide consumer credit card holders adequate relief during the COVID pandemic. Third Am. Compl., ECF No. 33 ("TAC"). Presently before the Court is Defendant's Motion to Dismiss the TAC in its entirety. ECF No. 37. That Motion is GRANTED without further leave to amend.[1]

    This Court previously dismissed Plaintiff's Second Amended Complaint with leave to amend in its entirety. ECF No. 30. The breach of implied covenant of fair dealing claim failed because the implied covenant cannot be relied upon to contradict the express terms of an agreement and because Plaintiff failed to identify any discretionary

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

powers delegated to Defendant that would have necessitated an inquiry into good faith. Plaintiff's unfair competition claim was also insufficiently pled because Plaintiff did not identify any promise or misleading statements capable of leading a reasonable consumer to believe he or she was entitled to a fee waiver.  Finally, her unjust enrichment cause of action failed because an express contract governed the parties' agreement.

In the TAC, Plaintiff failed to add any materially different allegations that change the Court's analysis.[2]  Accordingly, the Court incorporates its prior Order, ECF No. 30, by reference herein and dismisses Plaintiff's TAC for the reasons set forth therein. Because Plaintiff has shown that she is unable to amend her pleading to state a viable claim, the TAC is DISMISSED without leave to amend.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  February 11, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] To the extent Plaintiff attempts to refocus causes of action on the theory that Defendant fraudulently promised to set up a "new" program to evaluate COVID hardships and then failed to do so, that theory is belied by the allegations in the pleading itself.  First, Plaintiff's assertions that Defendant agreed to set up a new pandemic-specific fee waiver program are conclusory and factually insufficient themselves.  Second, none of the statements Plaintiff attributes to Defendant can be construed as a promise to start a new pandemic-specific program instead of an intention to rely on its existing system to evaluate fee waiver requests.